**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **RONA FIELDS,** ) | |
| ) | |
|     **PLAINTIFF,** ) | |
| ) | |
| v. ) | **Civil Action No. CBD-11-653** |
| ) | |
| **THE ALLSTATE CORPORATION,** ) | |
| et al. ) | |
| ) | |
| ) | |
|     **DEFENDANTS.** ) | |

**MEMORANDUM OPINION**

Before this Court is Defendant Allstate Insurance Company's Motion For Summary Judgment (ECF No. 19) (the "Motion"). The Court has reviewed the Motion, related briefing, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court DENIES the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The parties do not dispute that Plaintiff and Defendant Ramatu Kamara were involved in a motor vehicle accident on May 28, 2008. Mem. in Supp. of Mot. 2; Pl.'s Opp'n Mem. Ex. 1. The parties do not dispute that Plaintiff has sued Defendants for injuries that she claims were caused by the accident. Mem. in Supp. of Mot. 3; Pl.'s Opp'n Mem. Ex. 1. The parties dispute whether Plaintiff's injuries were in fact caused by the accident or by pre-existing conditions. *See* Mem. in Supp. of Mot. 5-6, 6 n.1; Pl.'s Opp'n Mem. Ex. 1.

On August 19, 2011, Plaintiff served on Defendant The Allstate Corporation a/k/a, t/a, and d/b/a The Allstate Insurance Company ("Allstate") Plaintiff's answers to Allstate's Interrogatories. *See* Mem. in Supp. of Mot. Ex. 1. Pursuant to the amended Scheduling Order, Plaintiff was required to serve her Rule 26(a)(2) disclosures on Allstate by December 24, 2011,

and Allstate was required to serve its 26(a)(2) disclosures on Plaintiff by January 23, 2012. Discovery closed on February 21, 2012, and the dispositive pretrial motions deadline was March 14, 2012.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views "facts and reasonable inferences in the light most favorable to the non-moving party." *Dulaney v. Packaging Corp. of America*, 673 F.3d 323, 330 (4th Cir. 2012); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *Dulaney*, 673 F.3d at 330 (citing *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996)).

Here, the parties clearly dispute material facts – whether Plaintiff suffered damages from the automobile accident in question and the extent of Plaintiff's damages. Plaintiff asserts that she "claims injuries due to the motor vehicle accident;" whereas Allstate argues that the injuries of which Plaintiff complains preexisted the accident and infers that an accident of this type would not cause some of her claimed injuries. *Compare* Pl.'s Opp'n Mem. 1, Ex. 1 *with* Mem. in Supp. of Mot. 3, 5-6.

Allstate argues that because Plaintiff did not timely identify any experts to testify as to her alleged injuries, she cannot prove causation or her damages. *See* Mem. in Supp. of Mot. 1-2. Therefore, Allstate concludes, "there is no dispute of fact on the issue of Plaintiff's damages, and

Defendant Allstate is entitled to summary judgment." *Id*. at 2. Allstate confuses the issues of whether Plaintiff can prove her case at trial and whether the parties dispute any material facts. The parties admit that there is a dispute over the two material facts noted above.[1]

However, Defendant is correct that Plaintiff did not timely identify her experts in accordance with the Rules and amended Scheduling Order. The amended Scheduling Order required Plaintiff to disclose her expert witnesses by December 24, 2011. The type of disclosure depended on whether Plaintiff's experts were witnesses "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). If Plaintiff retained or specially employed experts for this case, Plaintiff was required to provide expert reports with her expert disclosures. *Id*. If Plaintiff did not retain or specially employ experts for this case, Plaintiff was required to provide with each expert disclosure "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Plaintiff admits that she "*substantially* complied with the requirement of identifying an expert witness," Pl.'s Opp'n Mem. 7 (emphasis added), and explains that she did not provide complete expert disclosures because she was proceeding in this case *pro se*. *Id*. at 6. In response to interrogatory 14, Plaintiff identified her treating physicians; and in response to interrogatory 23, which sought the identification of all experts, Plaintiff "reserve[d] the right to call any and all of her treating physicians as expert witnesses in this case and to testify on all matters relating to

---

[1] Normally, the nonmoving party is required to provide *evidence* of the factual disputes. *See Anderson*, 477 U.S. at 250 ("when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" (footnote omitted)). Because the parties admit that there is a dispute over the cause of Plaintiff's injuries, however, the Court will not fault Plaintiff for her failure to provide such evidence.

her care, including the cause of the injuries for which she makes claim." Mem. in Supp. Mot. 5-6, 9.

The Court accepts Plaintiff's claim that her treating physicians are "hybrid witnesses," and so Rule 26(a)(2)(C) applies. *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500-01 (D. Md. 1997). However, Plaintiff's bare and non-specific interrogatory responses do not satisfy the Rule's disclosure requirements. Further, the fact that Plaintiff was without counsel after December 1, 2011, *see* Order (ECF No. 15), is irrelevant. Plaintiff had months prior to that date, during which time she had counsel, to serve proper expert disclosures.

Should a party fail to timely provide adequate expert disclosures, Rule 37(c)(1) provides that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition or alternatively, on motion the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure; . . . may inform the jury of the party's failure; and . . . may impose other appropriate sanctions." *Id*. The advisory committee notes to Rule 37(c)

> emphasize that the 'automatic sanction' of exclusion 'provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence.' Fed. R. Civ. P. 37(c) advisory committee note (1993). The alternative sanctions referenced in the rule are primarily intended to apply when a party fails to disclose evidence helpful to an *opposing* party. *See* 7 James Wm. Moore et al., *Moore's Federal Practice* §§ 37.60[2][b], 37.61 (3d ed. 2002). This is because '[p]reclusion of evidence is not an effective incentive to compel disclosure of information that, being supportive of the position of the opposing party, might advantageously be concealed by the disclosing party.' Fed. R. Civ. P. 37(c) advisory committee note (1993).

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 n.2 (4th Cir. 2003) (alteration in original).

The party who fails to timely disclose her expert or expert report bears the burden to "demonstrate substantial justification for her failure to comply with Rule 26(a)(2)(B)." *Carr v. Deeds*, 453 F.3d 593, 604-05 (4th Cir. 2006). The Court has "'broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless.'" *Id*. at 602 (quoting *Southern States*, 318 F.3d at 597). The Fourth Circuit has held

> that in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States*, 318 F.3d at 597.

Although Plaintiff has not presented an adequate reason for failing to properly disclose these experts, the Court does not deem it appropriate to strike them at this time. First, Allstate should not be surprised that Plaintiff seeks to call her treating physicians to testify at her trial. In August 2011, Plaintiff identified them in discovery as potential experts, and Allstate was free to depose them before discovery closed in February 2012. The Court understands that Allstate may have decided not to depose these witnesses, expecting to argue that they should be excluded from trial for Plaintiff's failure to properly designate them as expert witnesses.

Second, Plaintiff can cure her failure to properly disclose these witnesses. Plaintiff can make these physicians available for depositions. The Court can give Allstate the opportunity to designate its experts to opine on Plaintiff's injuries and the cause(s) of those injuries. Plaintiff can then have the opportunity to depose Allstate's new expert(s).

Third, allowing the new evidence would not disrupt the trial. Trial has not been scheduled. This situation is not one in which a party is seeking to admit new expert opinions on the eve of trial. The parties have time to conduct additional discovery before trial.

Finally, the evidence is important to Plaintiff's case. The extent of Plaintiff's damages, and whether the accident caused her damages, are critical issues in this case. Plaintiff should be permitted to call her treating physicians to testify to these topics. However, the Court will not permit Plaintiff to designate experts other than those disclosed in her interrogatory responses. Further, each of those experts may only base his opinions on "information learned during the actual treatment of the patient [Plaintiff] – as opposed to . . . [information] subsequently supplied by an attorney [or Plaintiff] involved in litigating [this] case." *Sullivan*, 175 F.R.D. at 501.

## CONCLUSION

Based on the foregoing, the Court DENIES the Motion. Within ten (10) calendar days of the date of this Memorandum Opinion and the accompanying Order, Plaintiff must submit to Allstate proper expert disclosures per Rule 26(a)(2)(C) and supplement her answers to interrogatories. After receipt of Plaintiff's expert disclosures, Allstate shall have sixty (60) calendar days to designate its experts and provide expert disclosures as required by Rule 26(a)(2)(B). Allstate shall have forty-five (45) calendar days from the date of receipt of Plaintiff's disclosures to depose Plaintiff's experts. Plaintiff shall have thirty (30) calendar days after receipt of Allstate's expert designation(s) to depose Allstate's new expert(s). Each deposition is limited to one (1) day without further leave of Court.

May 15, 2012                                    /s/
                                                Charles B. Day
                                                United States Magistrate Judge

CBD/mkh